NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Mr. DEVIN ANDRICH,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>COURTNEY R. GLYNN, in her individual, official and supervisory capacities; BRAD K. KEOUGH, in his individual, supervisory and official capacities; DAVID SHINN, in his official capacity; CHARLES RYAN, in his individual and supervisory capacities; JULIA ERWIN, in her individual and supervisory capacities; KEITH DUSEK, in his individual and supervisory capacities; SHANDAN NETTLES, in his individual and supervisory capacities; JEFF SANDERS; LARRY GANN,<br><br>    Defendants - Appellees. | No. 24-3078<br><br>D.C. No.<br>4:21-cv-00047-RM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted June 2, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Devin Andrich ("Andrich"), a pro se litigant, filed the present action under 42 U.S.C. § 1983, alleging denial of his right to access courts under the First and Fourteenth Amendments and retaliation in violation of his First Amendment rights. The district court granted Defendants' motion for summary judgment. On appeal, Andrich challenges the district court's orders (1) granting a protective order, and (2) denying Andrich's motion for relief under Federal Rule of Civil Procedure 56(d).[1] We presume the parties' familiarity with the facts and discuss them only as necessary for context. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the district court's grant of a protective order for an abuse of discretion. *Lambright v. Ryan*, 698 F.3d 808, 817 (9th Cir. 2012). "A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Garris v. FBI*, 937 F.3d 1284, 1291 (9th Cir. 2019) (quoting *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 423 (9th

---

[1] Andrich does not directly challenge the district court's grant of summary judgment.

Cir. 2011)).

It is well-established that the scope of discovery is within the discretion of the district court. *United States v. Domina*, 784 F.2d 1361, 1372 (9th Cir. 1986). This includes the district court's ability "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Federal Rule of Civil Procedure 26 authorizes the district court to "forbid[] the disclosure or discovery" of matters and to "limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A) & (D). Rule 26 expressly limits discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Andrich argues the district court applied the incorrect legal standard. However, Andrich fails to articulate where in the district court's order it applied the incorrect legal standard or to assert a legal standard different than that used by the district court. Upon review of the district court's order, we find no error in the legal standard or the district court's application of the legal standard.

The district court relied on the "apex doctrine," in part, to grant Defendants' motion for a protective order. *See United States v. Morgan*, 313 U.S. 409, 421-22 (1941) (stating that the Secretary of Agriculture should not have been deposed regarding his decision-making process due to the need to protect "the integrity of

the administrative process"); *see also Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (noting that "[h]eads of government agencies are not normally subject to deposition"). We find the district court did not abuse its discretion in granting the protective order.

The district court properly found that "there is no indication that either [defendants] Shinn or Ryan ha[ve] any personal, first-hand information essential to Plaintiff's claims that could support deposing them." *See* Fed. R. Civ. P. 26(b)(1). Andrich does not challenge this finding. The district court also appropriately found "that [defendant] Glynn's deposition would result in undue annoyance and burden." *See* Fed. R. Civ. P. 26(c)(1). Indeed, Andrich concedes that Glynn has no personal involvement in the case other than Glynn's purported ability to release Andrich's prison file. But there is no evidence in the record that Glynn is the only individual who can provide the prison file and, more importantly, Andrich does not refute the district court's finding that deposing Glynn would pose an undue annoyance or burden. Accordingly, the district court did not err in granting the protective order. *See Reza v. Pearce*, 806 F.3d 497, 508 (9th Cir. 2015).

2. We review the denial of additional discovery or other relief under Rule 56(d) for abuse of discretion. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Our analysis turns on whether the movant has shown that further discovery is likely to reveal specific facts that would preclude

summary judgment.  *See SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).  Andrich failed to show what specific facts additional discovery would reveal and how such facts would have precluded summary judgment.  Accordingly, we hold that the district court did not abuse its discretion in denying Andrich relief pursuant to Rule 56(d).

**AFFIRMED**